**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHNNY WALKER,
an individual,

              Case Number:  02-CV-74698-DT

    Plaintiff,

              JUDGE PAUL D. BORMAN
v.              UNITED STATES DISTRICT COURT

DAIMLER-CHRYSLER CORPORATION,
a foreign corporation,

    Defendants.
_____  /

## ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION

## PURSUANT TO 28 U.S.C. 1292(b)

  Defendant seeks certification of the Court's denial of Defendant's Rule 50 motion pursuant to 28 U.S.C. § 1292(b).

  28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . .

28 U.S.C. § 1292(b).  For certification of an interlocutory appeal pursuant to section 1292(b), the moving party must show that: (1) the matter "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) certification will "materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).  Federal courts are reluctant to hear interlocutory appeals. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 66 L. Ed. 2d 571, 101 S. Ct. 669 (1981).  "Review is granted sparingly and only in exceptional cases," *In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002), where a

1

decision on appeal "may avoid protracted and expensive litigation." *Cardwell v. Chesapeake & O.R. Co.*, 504 F.2d 444, 446 (6th Cir. 1974).

"Federal Rule of Civil Procedure 50 sets forth the procedural requirements for challenging the sufficiency of the evidence in a civil jury trial and establishes two stages for such challenges - prior to submission of the case to the jury, and after the verdict and entry of judgment." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc*, 126 S. Ct. 980, 985 (2006). Here, Defendant followed the proper procedural requirements under Rule 50. However, this Court's ruling did not involve the "'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'" *Will v. Hallock*, 126 S. Ct. 952, 957 (2006 (citing *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)). The class of collaterally appealable orders is narrow and selective in its membership. *Id*. at 958.

Upon consideration of this matter, the Court, having heard the evidence at trial and further having examined the instant pleadings and its applicable law, declines to certify an interlocutory appeal. Accordingly, the Court DENIES Defendant's Motion for Certification of the denial of its Rule 50 motion.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 11, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 11, 2006.

S/Jonie Parker
Case Manager